UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY JONES,
    Petitioner,

v.

COMMISSIONER OF CORRECTION, et al.,
    Respondents.

No. 3:11-cv-01750 (JAM)

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Anthony Jones brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that he was denied effective assistance of counsel when his trial attorney failed to seek a judgment of acquittal on the ground that the State had failed to prove an element of one of the charges against him. Because it is clear that the Connecticut state courts did not unreasonably apply federal law in rejecting this claim, I will deny the petition.

### BACKGROUND

At about 2 a.m. on March 27, 2000, the police in New Haven were dispatched to investigate a report of a fight. *See State v. Jones*, 96 Conn. App. 634, 636, 902 A.2d 17 (2006). The police saw defendant run to a car, and defendant almost struck two police cars while evading the police's efforts to stop him. *Id.* at 636–37. After an extended high-speed pursuit and foot chase, the police arrested defendant, and inside his car they found two Ruger .357 magnum pistols on the floor behind the driver's and passenger's seats. *Id.* at 638.

Petitioner was tried before a jury on charges of attempted assault of a peace officer and unlawful possession of a weapon in a motor vehicle. *Ibid.* He was convicted and sentenced to a total of 14 years of imprisonment. *Ibid.* His conviction was affirmed on direct appeal, *id.* at 645,

1

*cert. denied*, 280 Conn. 919, 908 A.2d 544 (2006), and his state petition for writ of habeas corpus was denied. *Jones v. Comm'r of Correction*, 123 Conn. App. 307, 1 A.3d 1166, *cert. denied*, 290 Conn. 904, 10 A.3d 522 (2010).

Petitioner now contends in this federal habeas petition that his trial counsel was constitutionally ineffective. The facts concerning this claim are as follows. For purposes of the unlawful-possession-of-a-firearm charge, the State was required to prove at trial that petitioner did not have a permit to possess a firearm. *See* Conn. Gen. Stat. 29-38(a). One of the officers who participated in the pursuit and arrest of petitioner testified that he had conducted a "check" and learned that petitioner did not have a permit to possess a firearm. 123 Conn. App. at 310 n.2. The State did not otherwise introduce evidence on this issue of whether petitioner had a pistol permit before resting its case.

After the State rested its case, petitioner's trial counsel moved for a judgment of acquittal. Rather than seeking acquittal on the ground that the State had not proved petitioner lacked a permit, counsel sought acquittal on the ground that the State had failed to prove that petitioner knew he had a weapon in the car. *Id.* at 309–10. The trial court denied the acquittal motion, but after the defense rested its case, the State advised the trial court that it had inadvertently failed to call two of its witnesses who would have testified that petitioner did not have a pistol permit from either the City of New Haven or the State of Connecticut. *Id.* at 310.

The trial court granted the State's motion to re-open over petitioner's trial counsel's objection. *Ibid.* While objecting to the State's motion, petitioner's trial counsel "acknowledged that one officer had testified that there were no pistol permits relating to the [petitioner] and that, for this reason, he had not included the absence of evidence of permits as a basis for his motion for a judgment of acquittal," but he contended that the additional testimony would bolster the

2

testimony already adduced and unfairly highlight the permit issue to the jury. *Ibid.*

On direct appeal, the Connecticut Appellate Court rejected petitioner's challenge to the decision of the trial court to re-open the evidence. *State v. Jones*, 96 Conn. App. at 643–44. Petitioner also challenged on direct appeal the effectiveness of his trial counsel, but the Appellate Court determined that this claim would require evidentiary development and should be pursued by way of a petition for writ of habeas corpus. *Id.* at 644–45.

Petitioner then followed with a state habeas petition. Petitioner's trial counsel testified at the state habeas trial that he did not challenge in his motion for judgment of acquittal the lack of evidence of a permit because he believed that the State had offered sufficient evidence on this issue from the testimony of the police officer witness and because he had chosen instead to focus on arguing that petitioner did not know that the pistols were in his car. *Jones v. Comm'r of Correction*, 123 Conn. App. at 312–13. The habeas trial court concluded that, although the police officer's testimony about the permit was somewhat "vague," it legally sufficed to allow the absence-of-permit question to go the jury. *Id.* at 313. Accordingly, the habeas trial court concluded that petitioner "was not prejudiced by his trial counsel's failure to argue that the state had presented insufficient evidence as to the element of a permit when seeking a judgment of acquittal." *Ibid.*

The habeas trial court denied petitioner's certification to appeal, and the Connecticut Appellate Court concluded in turn that the habeas trial court did not abuse its discretion in doing so. *Id.* at 314. In light of the fact that "the record demonstrated that the state had presented sufficient evidence that the petitioner did not have a pistol permit to present the issue to the jury," the Appellate Court concluded that "[t]he question of whether the petitioner's trial counsel rendered ineffective assistance by failing to argue in his motion for a judgment of acquittal that

3

the state had failed to present sufficient evidence on the element of the permit" was not "an issue debatable among jurists of reason." *Id.* at 314–15. In addition, the Appellate Court reiterated the conclusion of the habeas trial court that counsel's decision not to press the permit issue and to focus instead on the issue of knowledge was "a matter of trial tactics within the decision-making authority of defense counsel." *Id.* at 315.

Petitioner has followed with this federal habeas corpus petition. Doc. #1. The State has filed an extensive opposition. Doc. #13. Petitioner has not filed any response or cited any law or other authority to support his petition.

## DISCUSSION

Federal courts have very limited authority to overturn state court convictions. A state court defendant seeking relief by way of a federal petition for a writ of habeas corpus must show that his state court conviction was rendered by means of a clear violation of clearly established federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). As the Supreme Court has explained in a decision just issued earlier today, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they

were wrong." *Woods v. Donald*, __ S. Ct. __, 2015 WL 1400852, at *3 (2015) (*per curiam*).

A claim of constitutionally ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, that this deficient performance caused prejudice. *Id.* at 687–88. As to the requirement to show deficient performance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). As to the requirement to show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen*, 131 S. Ct. at 1403 (alteration and emphasis in original) (quoting *Strickland*, 466 U.S. at 686). As the Supreme Court has explained, the *Strickland* test itself is deferential to the strategic choices of counsel, and in the context of a federal court's limited review under 28 U.S.C. § 2254(d), the review becomes "doubly deferential." *Woods*, 2015 WL 1400852, at *3 (internal quotation marks and citation omitted).

Here, petitioner has failed to show that the Connecticut state courts unreasonably applied the federal constitutional law that governed his right to the effective assistance of counsel. It was plainly not unreasonable for the state courts to conclude that trial counsel's failure to move for a

judgment of acquittal did not prejudice petitioner. That is because the initial evidence was legally sufficient to permit a jury conclusion that petitioner had no permit, so there was no proper basis for counsel to insist on an acquittal. Moreover, as the state court concluded, it was well within trial counsel's tactical discretion to focus on any lack of evidence of petitioner's knowledge of the pistols, rather than any debatable vagueness or weakness in the evidence about whether petitioner had a pistol permit.

## CONCLUSION

The Petition for Writ of Habeas Corpus is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

It is so ordered.

Dated at Bridgeport this 30th day of March 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge